UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JAMES NOYES,

    Plaintiff,

v.                                                Case No: 8:13-cv-3077-T-30TGW

UNIVERSAL UNDERWRITERS
INSURANCE COMPANY,

    Defendant.

## ORDER

THIS CAUSE comes before the Court upon the Plaintiff's Motion to Remand and for an Award of Costs Including Attorney's Fees (Dkt. #13) and Defendant's Response in Opposition to the Motion (Dkt. #15). Upon review and consideration, it is the Court's conclusion that the Motion should be denied.

### *Background*

This case involves a bad faith insurance claim based on an insurance company's alleged failure to settle a claim within the policy limits in a reasonable time. On September 27, 2012, Plaintiff James Noyes sued Universal Underwriter's Insurance Company ("Universal") and David LoNigro, Esq., the attorney retained by the insurance company to litigate the underlying tort case. In the underlying tort case, Roy Chattelle sued Tampa Auto Service ("Tampa Auto"), where Noyes worked as a service manager, but did not sue Noyes. Chattelle brought his car to Tampa Auto due to a flat tire. The company repaired the tire instead of replacing it. Three months later the tire lost its tread causing an accident

that led to severe injuries to Chattelle's wife. The Defendant in this case insured Tampa Auto, and its employees including Noyes. Once the Chattelles filed suit, Universal assigned the case to its in house counsel, and LoNigro was the lead attorney on the case.

Seven months after receiving the case, LoNigro sent a settlement offer for the policy limits ($1.3 million) along with a release which released Tampa Auto and its employees. Chattelle rejected the offer. Universal then transferred the case to outside counsel and on November 4, 2009, the state court entered an order substituting another attorney for LoNigro. On January 24, 2011, the state court entered an order allowing Chattelle to amend the complaint, and he added Noyes as one of the defendants. The case proceeded to trial and resulted in a final judgment awarding the Chattelles $7 million against Tampa Auto and $6 million against Noyes.

Universal initially removed the case to federal court on the basis that Noyes fraudulently joined LoNigro to destroy diversity since LoNigro is a citizen of Florida. Universal alleged that Noyes could not state a legal malpractice claim against LoNigro because Noyes was not a party in the underlying claim until after LoNigro was removed as counsel from the case. Noyes filed a motion to remand on the basis that the notice of removal was untimely. The district court remanded the case based on the removal being late by one day, but did not address the issue of fraudulent joinder.

In the state court, LoNigro filed a motion to dismiss on the basis that Noyes failed to state a cause of action against him for legal malpractice. Noyes argued that LoNigro represented Noyes regarding the Chattelles' "claims," and not the underlying lawsuit specifically. The theory is that the "claims" were not limited to the causes of action brought

2

in the underlying case but included the potential claims against the employees of Tampa Auto, including Noyes. The state court entered an order dismissing the count against LoNigro without prejudice, and allowed Noyes to file an amended complaint. The amended complaint alleged that an attorney-client privilege existed between Noyes and LoNigro and in the alternative that LoNigro was a third party beneficiary to the attorney client relationship between Tampa Auto and LoNigro.

LoNigro then filed a second motion to dismiss along with a motion for sanctions pursuant to Fla. Stat. § 57.105. The state court granted LoNigro's motion to dismiss the amended complaint, without prejudice and with leave to amend the complaint within twenty days. Noyes and LoNigro entered into a settlement agreement whereby Noyes would stipulate to LoNigro's dismissal with prejudice in exchange for LoNigro dropping his claim for attorney's fees. The state court entered the stipulated order dismissing LoNigro with prejudice on November 6, 2013. Universal then filed the Notice of Removal on December 6, 2013, which is the subject of this Motion to Remand.

*Discussion*

### I. Legal Standard

A party may remove any case from a state court which could have been brought in federal court. *See* 28 U.S.C. § 1441(a). But the removing party bears the burden of establishing jurisdiction. *See University of S. Ala. v. The Amer. Tobacco Co.*, 139 F.3d 1368, 1373 (11th Cir. 1998). Removal jurisdiction exists only where a district court would have had original jurisdiction over the action. 28 U.S.C. § 1441(a); *Darden v. Ford Consumer Fin. Co.,* 200 F.3d 735, 755 (11th Cir. 2000). A district court has original

3

jurisdiction over cases in which the parties are completely diverse and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a).

28 U.S.C. § 1446(b)(3) provides that in a case not originally removable, a defendant may only remove within 30 days of receiving "an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which ... has become removable." However, no case may be removed more than one year after the commencement of the action unless the defendant can show the plaintiff acted in bad faith to prevent removal. *Id*. § 1446(c).

Despite a defendant's statutory right to remove, "plaintiff is still the master of his own claim," and "defendant's right to remove and plaintiff's right to choose his forum are not on equal footing." *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). "[R]emoval statutes are construed narrowly; where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand. (citations omitted)." *Id*.

## II.  Notice of Removal and Motion to Remand

Universal removed this case on the basis that the parties are now completely diverse given the dismissal of LoNigro. Further, it argues that since Noyes fraudulently joined LoNigro in order to destroy diversity, Noyes engaged in bad faith and the one year limitation should not bar removal. As proof of the fraudulent joinder, Universal points to the two state court dismissals of the claims against LoNigro which support that Noyes could not have possibly stated a cause of action against LoNigro for legal malpractice.

Noyes denies that he fraudulently joined LoNigro. Further, he argues that the state court's dismissals of the actions against LoNigro do not prove that the joinder was

fraudulent, since the court dismissed without prejudice. In addition, he argues that even if LoNigro's joinder was fraudulent, Universal's initial removal was untimely since it removed more than thirty days after it was served with process and therefore any subsequent removal is also untimely. He also argues that at a minimum, Universal's removal is untimely because the notice of the stipulation for dismissal between Noyes and LoNigro triggered the thirty day window within which Universal should have removed the second time.

### III. Fraudulent Joinder

It is generally accepted that diversity isn't destroyed by fraudulently joined defendants. *See Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 42 S.Ct. 35, 66 L.Ed. 144 (1921). To establish fraudulent joinder, the defendant has a "heavy" burden and must prove by clear and convincing evidence that "(1) there is no possibility that Plaintiff can establish a cause of action against the non-diverse defendant, (2) plaintiff has fraudulently pled jurisdictional facts to bring the non-diverse defendant into state court, or (3) plaintiff's misjoinder of [the] non-diverse defendant is so egregious as to constitute fraudulent joinder." *Stillwell v. Allstate Ins. Co.,* 663 F.3d 1329, 1332 (11th Cir. 2011). The district court must evaluate the factual allegations in the light most favorable to the plaintiff and must resolve uncertainties about state substantive law in favor of the plaintiff. *Id.* at 1333.

The court may consider the pleadings, affidavits and depositions in its analysis. *Id*. at 1333 n. 1. An uncontroverted declaration of a nondiverse defendant is sufficient to demonstrate that he was fraudulently joined in the lawsuit. *See Petty v. Wyeth*, 3:04-CV-82/MCR, 2005 WL 2893734 (N.D. Fla. 2005) (denying motion to remand based on

fraudulent joinder of non-diverse defendants); *see also Kearney v. Wyeth*, Case No. 6:03-cv-288-Orl-31KRS (M.D.Fla. May 13, 2003) (An uncontroverted affidavit of the non-diverse defendant was enough to establish fraudulent joinder as the court determined that plaintiff could not state a claim against her).

This standard is very lenient on the plaintiff; "federal courts are not to weigh the merits of a plaintiff's claim beyond determining whether it is an arguable one under state law." *Id*. "If there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." *Id*. Therefore, "[t]he plaintiff need not have a winning case against the allegedly fraudulent defendant; he need only have a possibility of stating a valid cause of action in order for the joinder to be legitimate." *Id*.

The federal court must not simply disregard allegations as conclusory or require them to contain a certain amount of factual matter as it does in analyzing a 12(b)(6) motion to dismiss. *Id*. at 1334. "To determine whether it is possible that a state court would find that the complaint states a cause of action, [the court] must necessarily look to the pleading standards applicable in state court, not the plausibility pleading standards prevailing in federal court." *Id*. The fraudulent joinder standard requires nothing more than conclusory allegations or a certain level of factual specificity. *Id*.

Noyes argues that his allegations against LoNigro for legal malpractice are possible under Florida state law because (1) Universal "could have retained" him to defend against all of Chattelle's claims involving the accident; (2) Noyes was plausibly a third party

6

beneficiary of Mr. LoNigro's representation of Tampa Auto; and (3) LoNigro could have incurred a professional duty of care to Noyes even in the absence of an attorney-client relationship by voluntarily undertaking such a duty.

To allege a legal malpractice claim under Florida law, a plaintiff must allege the attorney's employment by the plaintiff, the attorney's neglect of a reasonable duty, and the attorney's negligence as the proximate cause of the loss to the client. *Law Office of David J. Stern, P.A. v. Sec. Nat'l Servicing Corp.*, 969 So. 2d 962, 966 (Fla. 2007). Further "the real basis and substance of a legal malpractice suit is a breach of the duties within the personal relationship between the attorney and client." *Id*. at 968.

Noyes would have to allege a basis for a personal relationship between himself and LoNigro to possibly state a claim. Noyes' argument that Universal could have retained LoNigro to defend against all claims is insufficient. LoNigro's deposition clearly establishes that he was retained to represent Tampa Auto, Noyes was not a party to the underlying action the entire time LoNigro litigated the case and Noyes never spoke to or met with LoNigro. Noyes presents no evidence to contradict these facts and admitted in his deposition that LoNigro never represented him.

Noyes further argues that LoNigro was negligent in his handling of Chattelle's "claims" which include the possible causes of action against Noyes, even though he was not yet named as a defendant. Noyes' reliance on cases that stand for the proposition that an insurance company can retain an attorney to handle all claims that arise before and after litigation commences does not support his argument that in this case and on these facts LoNigro was retained in that capacity.  Accordingly, Noyes could not maintain a claim

7

for legal malpractice against LoNigro where the undisputed facts show that no personal attorney client relationship existed.

Noyes' allegation that he was a third party beneficiary of the attorney-client relationship between LoNigro and Tampa Auto is also meritless and does not form a basis for a possible legal malpractice claim under Florida law. Florida has allowed parties to make a third party beneficiary argument for legal malpractice claims under a very limited set of circumstances, particularly where the plaintiff can show it was the intent of the client engaging the lawyer to benefit a third party. *See Brennan v. Ruffner*, 640 So. 2d 143, 146 (Fla. 4th DCA 1994) (holding that shareholder was not third-party beneficiary of contract of representation between corporation and its lawyer.) *See also Rushing v. Bosse*, 652 So. 2d 869, 873 (Fla. 4th DCA 1995) (child to be adopted was an intended third party beneficiary of contract for representation between attorney who institutes private adoption and his client); *Hunt Ridge at Tall Pines, Inc. v. Hall*, 766 So. 2d 399, 400 (Fla. 2d DCA 2000) (dismissing complaint based on third party beneficiary argument because it was not shown that both contracting parties intended to benefit third party homeowners.)

Although the amended complaint alleges that Noyes was a "third party beneficiary of the attorney-client relationship between Tampa Auto and LoNigro," it does not lay a foundation for establishing that LoNigro and Tampa Auto intended Noyes to be a beneficiary and the facts of this case do not fall into the limited set of circumstances whereby the state court would conclude that Noyes would have stated a claim under Florida law.

Noyes' last argument that LoNigro could have undertaken a duty to voluntarily represent Noyes does not make the negligence claim possible under Florida law. Noyes' argument focuses on hypothetical actions LoNigro could have taken to support his negligence claims. However, Noyes did not allege that LoNigro undertook this duty nor did he allege any facts that could support this allegation. Additionally, there are no facts in the depositions of Noyes or LoNigro to support that LoNigro did in fact undertake this duty.

Therefore, since Noyes did not allege a sufficient basis for an attorney-client relationship with LoNigro, and the uncontradicted testimony of LoNigro and Noyes establish that none existed, the Court concludes that Universal has met its burden in establishing that LoNigro was fraudulently joined for the purpose of destroying diversity. *See Dumas v. ACCC Ins. Co.*, 349 Fed. Appx. 489 (11th Cir. 2009) (holding that under Georgia law, a non-diverse insurance adjuster had no independent duty to insured to settle claim against her, and thus adjuster's joinder in insured's assignees' suit against diverse insurer for bad faith failure to settle underlying suit did not defeat removal to federal court on basis of diversity of citizenship.)

## IV.  Bad Faith Exception to One Year Time Limit

Noyes argues that Universal's removal is untimely since more than a year has passed since the case commenced. Effective January 6, 2012, a defendant may remove more than one year after commencement of the action if the plaintiff has committed bad faith. 28 U.S.C. § 1446(c). Universal argues that it is not subject to the one year time limit because

9

Noyes acted in bad faith when he fraudulently joined LoNigro to the complaint and amended complaint.

There is little case law interpreting subsection (c) specifically, although there are cases discussing bad faith generally in the removal context. Prior to the change in the law the Fifth Circuit held that the statute's one-year limit on removal is subject to equitable exception. *Tedford v. Warner-Lambert Co.*, 327 F.3d 423 (5th Cir. 2003). The Eleventh Circuit held that the one-year bar on removal is a procedural bar, not a jurisdictional limitation. *Wilson v. General Motors Corp.*, 888 F.2d 779, 781 (11th Cir. 1989). Therefore, the limitation is subject to equitable considerations. *Hattaway v. Engelhard Corp.*, 998 F. Supp. 1479, 1480 n.2 (M.D. Ga. 1998) (citing *Barnett v. Sylacauga Autoplex*, 973 F.Supp. 1358 (N.D.Ala. 1997)).

District courts have permitted a defendant to remove an action more than one year after its commencement where the plaintiff engaged in bad faith manipulation of the state court's jurisdiction. *See, e.g., Barnett v. Sylacauga Autoplex*, 973 F.Supp. 1358, 1367 (N.D.Ala. 1997) (plaintiff estopped from raising one-year limitation where plaintiff acted in bad faith by disguising existence of removability of the case until the one-year limitation had run); *Morrison v. Nat'l Ben. Life Ins. Co.*, 889 F.Supp. 945 (S.D.Miss. 1995) (plaintiffs were equitably estopped from asserting one-year time limit when plaintiffs denied that damages exceeded jurisdictional limit until after expiration of one year, when he amended its complaint, actions were an obvious attempt to manipulate forum); *see also Hattaway*, 998 F.Supp. at 1480 n. 2 & 1482 ("Thus the one-year bar could be waived or the plaintiff could be estopped from raising the bar based on equitable considerations."). The Court

concludes that Noyes' fraudulent joinder was meant to manipulate the state court's jurisdiction and constitutes bad faith**.**   Therefore, Universal's removal of the case is not barred by the one year time limitation.

### V.   Removal Based on LoNigro's Dismissal

Universal filed its notice of removal when it received the order dismissing LoNigro from the case with prejudice at which point the parties became completely diverse. *See* 28 U.S.C. Sec 1446(b)(3). A case becomes removable once the non-diverse defendant is formally dismissed from the case. *Maseda v. Honda Motor Co.,* Ltd., 861 F.2d 1248, 1252 (11th Cir. 1988) ("…[N]ondiverse defendant must be formally dismissed from the case to permit a subsequent removal….")   Noyes argues that the removal is untimely on this basis because Universal first had notice of the dismissal with prejudice when it received Noyes and LoNigro's stipulation for dismissal. However, the case did not become completely diverse until the Court entered an order dismissing LoNigro with prejudice.  Therefore, the Court concludes that Universal's second Notice of Removal is timely based on the state court's dismissal of LoNigro with prejudice from the case.

It is therefore ORDERED AND ADJUDGED that Plaintiff's Motion to Remand and for An Award of Costs Including Attorney's Fees (Dkt. #13) is DENIED.

**DONE** and **ORDERED** in Tampa, Florida, this 13th day of March, 2014.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record