**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

JAMES NOYES,

    Plaintiff,

v.                                    Case No: 8:13-cv-3077-T-30TGW

UNIVERSAL UNDERWRITERS
INSURANCE COMPANY,

    Defendant.

## ORDER

THIS CAUSE comes before the Court upon the Plaintiff's Motion for Reconsideration (Dkt. #25) and Defendant's Response to the Motion (Dkt. #26). Upon review and consideration, it is the Court's conclusion that the Motion should be granted.

This Court entered an Order denying Plaintiff's Motion to Remand this case to state court (Dkt. # 22). Noyes argues that the Court committed clear error when it denied remand since the Court concluded that Noyes fraudulently joined a non-diverse party to avoid removal. Noyes asserts that the non-diverse defendant's presence in the case was never a bar to removal. Therefore, Universal Underwriter's Insurance Company could only remove within thirty days of being served with process. Since it failed to do so, it was forever barred from removing. Further, Noyes argues that the bad faith exception under 28 U.S.C. §1446(c)(1) is irrelevant to this issue and does not eliminate the thirty day deadline under §1446(b).

Motions for reconsideration of orders are permitted when there is (1) an intervening change in controlling law; (2) newly discovered evidence; or (3) the need to correct clear error or manifest injustice. *Tristar Lodging, Inc. v. Arch Speciality Ins. Co.,* 434 F. Supp. 2d 1286, 1301 (M.D. Fla. 2006) *aff'd sub nom. Tristar Lodging, Inc. v. Arch Specialty Ins. Co.,* 215 Fed. Appx. 879 (11th Cir. 2007). A motion for reconsideration must demonstrate why the court should reconsider its prior decision and "set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Id.*

Noyes relies on *Taylor Newman Cabinetry, Inc. v. Classic Soft Trim, Inc*., 436 Fed. Appx. 888, 894 (11th Cir. 2011). In that case, the Eleventh Circuit reviewed the timeliness of a defendant's removal based on fraudulent joinder, which was more than six months after being served with the complaint. In its discussion regarding the district court's award of attorney's fees after remand, the Court stated that the removal was untimely since the defendant did not remove within thirty days of being served with the complaint. The Court finds *Taylor Newman Cabinetry, Inc.* persuasive and will remand this case accordingly.

An order remanding a removed case back to state court "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." *Id*. (quoting 28 U.S.C. §1447(c)). Nonetheless, under the specific circumstances of this case, the Court declines to award Noyes his attorney's fees. If Noyes had not engaged in bad faith by fraudulently joining a non-diverse defendant, the Notice of Removal would not have been before the Court.

2

It is therefore ORDERED AND ADJUDGED that:

1. Plaintiff's Motion for Reconsideration (Dkt. #25) is **GRANTED** in part as stated herein.

2. The Clerk is directed to remand this case to the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida, and provide that court with a copy of this Order.

3. The Clerk is directed to close this case and deny any pending motions as moot.

**DONE** and **ORDERED** in Tampa, Florida, this 30th day of April, 2014.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

S:\Odd\2013\13-cv-3077 reconsideration.docx

3